UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ROBERT HOEFT, <br><br> Plaintiff, <br><br> vs. <br><br> MCGILLIVRAY, POLICE OFFICER AT SIOUX FALLS POLICE DEPARTMENT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; SUURMEYER, POLICE OFFICER AT SIOUX FALLS POLICE DEPARTMENT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN, POLICE OFFICER AT SIOUX FALLS POLICE DEPARTMENT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; POLICE DEPARTMENT AT SIOUX FALLS, <br><br> Defendants. | 4:21-CV-04221-LLP <br><br><br> AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Michael Robert Hoeft, an inmate at the Minnehaha County Jail, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. He provided his prisoner trust account and filed a motion to proceed in forma pauperis. Docs. 3 and 4. This order shall address Hoeft's motion to proceed in forma pauperis as well as an initial screening of his complaint.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an

installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Hoeft filed a motion to proceed in forma pauperis. Doc. 3. His prisoner trust account report shows his average monthly deposits to be $61.67 and his average monthly balance as $8.77. *Id.* at 1. Because Hoeft would owe more than his average monthly balance as his initial partial filing fee, the Court grants Hoeft leave to proceed in forma pauperis and waives his initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Hoeft must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure.

The clerk of the Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Hoeft will remain responsible for the entire filing fee, as long as he is a

prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## FACTUAL BACKGROUND

Hoeft claims that he was blocked in by McGillivray, Suurmeyer, and the Unknown Officer at his storage unit on East 54th Street in Sioux Falls. *See* Doc. 1 at 1, 4. He claims that the officers told him they were performing a wellbeing check and that when he tried to leave in his car, the officers told him to get out of his car. *Id.* at 4. He also claims that he had a cast on his leg because of a broken heel and ankle at the time and that he refused to exit his car. *Id.* Hoeft alleges that the officers then assaulted him by beating him with a baton, punching him, kicking him, tasing him, and spraying him with mace. *Id.* at 4-5. He alleges that he was "seized up" at this point and was unable to let go of the wheel. *Id.* at 4. He also alleges that he lost consciousness and woke up to an officer telling him to stop resisting and one or several officers urinating on him. *Id.* at 4-5.

Hoeft claims that he suffered a broken arm, a traumatic brain injury, pain in his shoulders and back, a persistent headache, hearing issues in his right ear, and impairment to his thinking and memory. *Id.* at 4-6. He also claims that he shakes uncontrollably and likely suffered a stroke. *Id.* at 4-5. He brings claims for violation of his Fourth Amendment, Eighth Amendment, and Fourteenth Amendment rights, although he does not indicate which claims he brings against which defendants. *Id.* at 4-6. Hoeft sues McGillivray, Suurmeyer, and the Unknown Officer in their individual and official capacities. *Id.* at 2. He asks this court to track uses of excessive force by the Sioux Falls Police Department, to criminally charge the defendants, and to allow him to amend his complaint as his memory returns. *Id.* at 7. He also seeks 10 million dollars in punitive damages and for defendants to pay his future medical bills. *Id.*

## LEGAL BACKGROUND

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Hoeft alleges violations of the United States Constitution. The Court will now assess each individual claim under 28 U.S.C. § 1915A.

# DISCUSSION

## I. Claims Against the Sioux Falls Police Department

Hoeft brings claims against the Sioux Falls Police Department. Doc. 1 at 1. The Eighth Circuit Court of Appeals has held that police departments are not suable entities under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Further, "vicarious liability is not actionable under 42 U.S.C. § 1983." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Cotton v Hutto*, 577 F.2d 453, 455 (8th Cir. 1978)). Thus, Hoeft's claims against the Sioux Falls Police Department are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

## II. Official Capacity Claims for Money Damages

Hoeft brings claims against McGillivray, Suurmeyer, and the Unknown Officer in their individual and official capacities for both injunctive relief and money damages. Doc. 1 at 2, 7. These defendants were employees of the Sioux Falls Police Department at the time of the incident in question. *Id.* at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Hoeft's official capacity claims are, in effect, against the City of Sioux Falls, the governmental entity employing all of the defendants. Doc. 1 at 1-5. A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Hoeft has not alleged facts that would support a claim that the City of Sioux Falls has executed an unconstitutional policy or custom. Thus, his claims against

McGillivray, Suurmeyer, and the Unknown Officer in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### III. Fourth Amendment Claims

Hoeft brings claims against McGillivray, Suurmeyer, and the Unknown officer in their individual and official capacities for violation of his Fourth Amendment rights. Doc. 1 at 2, 4. The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Fourth Amendment also guarantees the right to be free from excessive force during an arrest or investigation. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham*, 490 U.S. at 397).

The Court finds that Hoeft has stated a claim for excessive force in violation of his Fourth Amendment rights. He alleges that he was assaulted and severely injured by the defendants. Doc. 1 at 4-6. While he does admit that he told the defendants that they had no right to order him out of his car, the level of force allegedly used far exceeds that which a reasonable officer would use under the circumstances. Thus, Hoeft's Fourth Amendment excessive force claims against McGillivray, Suurmeyer, and the Unknown Officer in their individual capacities and their official capacities for injunctive relief survive initial review under 28 U.S.C. § 1915A.

### IV. Eighth Amendment Claims

Hoeft claims that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 6. The Eighth Amendment is not implicated until after "a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). The alleged incident did not occur while Hoeft was in custody as a result of a formal adjudication of guilt. *See* Doc. 1 at 4-6. Thus, Hoeft's claims fall under the protections of the Fourth Amendment, and his Eighth Amendment claims against McGillivray, Suurmeyer, and the Unknown Officer are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### V. Fourteenth Amendment Claims

Hoeft claims that defendants violated his Fourteenth Amendment right to equal protection of the laws. *Id.* at 5. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). A plaintiff must first demonstrate that she was treated "differently than others who were similarly situated to her." *Id.*; *see also In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018) ("[d]issimilar treatment of dissimilarly situated persons does not violate equal protection" (alteration in original) (quoting *Klinger*, 31 F.3d at 731)). Here, Hoeft alleges no facts regarding similarly situated individuals or disparate treatment. Thus, his Fourteenth Amendment claims against McGillivray, Suurmeyer, and the Unknown Officer are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Accordingly, it is ORDERED

1. That Hoeft's motion to proceed in forma pauperis (Doc. 3) is granted.

2. That the institution having custody of Hoeft is directed that whenever the amount in Hoeft's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Hoeft's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $402 filing fee is paid.

3. Hoeft's claims against the Sioux Falls Police Department are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. Hoeft's claims against McGillivray, Suurmeyer, and the Unknown Officer in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Hoeft's Fourth Amendment excessive force claims against McGillivray, Suurmeyer, and the Unknown Officer survive 28 U.S.C. § 1915A review.

6. Hoeft's Eighth Amendment cruel and unusual punishment claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7. Hoeft's Fourteenth Amendment equal protection claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Hoeft so that he may cause the complaint to be served upon defendants.

9. Hoeft shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

10. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Doc. 1) and this order, upon the defendants.

11. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

12. The clerk of the Court is directed to send a copy of this order to the appropriate official at Hoeft's institution.

13. Hoeft will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

DATED February 8, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____